GEORGE H. HUNTER, and others, *vs.* JOHN E. PHERSON.

Somerset.　　Opinion March 26, 1896.

*Practice. Admission. Burden of Proof.*

An admission made by a party, to facilitate the trial of an action, must be taken and construed as a whole. It must not be divided, and, by accepting a part, and rejecting a part, give to the admission an effect not intended by the party making it. The whole of the admission must be taken together, as well what is favorable to the party making it as what is unfavorable to him, and be construed according to the true intent and meaning of the party making the admission.

When the defendant admitted that the goods sued for were delivered to him, that he took them and carried them away and used them, and claimed that they were delivered to him upon the order of a third party, to whom they should have been charged, *Held;* that this admission, if taken as a whole, and construed according to the intentions of the party making it, did not confess that the plaintiffs had a cause of action against the defendant. It

confessed a cause of action against a third party, but it did not confess one
against the defendant.

*Also*, that the burden of proof, by such admission, had not shifted from the
plaintiffs to the defendant.

ON EXCEPTIONS BY DEFENDANT.

This was an action of assumpsit for goods sold and delivered.
Plea, the general issue. The verdict was for the plaintiffs.

The defendant admitted that the goods sued for and delivered to
him by the plaintiffs, were taken away and used by him; but he
claimed that they were delivered to him on the verbal order of a
third party, Parks and Connor, and should have been charged to
Parks and Connor and not to him.

The plaintiffs denied that the goods were delivered on the verbal
order, and contended that the goods were sold and delivered
directly to the defendant alone and there was evidence tending to
support their contention.

Upon this evidence the court instructed the jury as follows:

"But the defendant says, true, I had the goods and consumed
them, but I got them from you on the credit of Parks and Connor.
Upon that issue the burden of proof is upon the defendant. The
plaintiffs having made out their case, either by proof of the delivery
of the items to the defendant or by the admission that you have
here, if the defendant says he is not liable to pay, where the law
implies a promise to pay, he takes the affirmative there, and it
then becomes his duty to satisfy you upon a preponderance of all
the evidence that his claim is the right one."

The defendant took exceptions to these instructions.

*J. W. Manson*, for plaintiffs.

The burden does not shift as long as evidence is offered on one
side, or the other, as to the same fact alleged by the plaintiff. But
if the defendant, for instance, sets up another and distinct fact in
avoidance, he takes the burden of proving it. Stephen's Digest of
Evidence, Art. 65. (note).

The instruction was proper because the defendant did not make
an issue with plaintiff upon the plaintiff's proposition, did not
dispute the facts, or the inference drawn from the facts, which

made up the plaintiffs' prima facie case, but set up a distinct and independent proposition of his own. Here was a new and distinct question raised by the defendant. *Shaw* v. *Waterhouse,* 79 Maine, 180; *Windle* v. *Jordan,* 75 Maine, 149, 154; *Rumrill* v. *Adams,* 57 Maine, 565; *Bennett* v. *Amer. Express Co.,* 83 Maine, 236; *Wilder* v. *Cowles,* 100 Mass. 487.

*S. S. Hackett,* for defendant.

Counsel cited: *Tarbox* v. *Steamboat Co.,* 50 Maine, 345; *Powers* v. *Russell,* 13 Pick. 76; *Small* v. *Clewly,* 62 Maine, 159; *Wright* v. *Fairbrother,* 81 Maine, 38; *Gilmore* v. *Wilbur,* 18 Pick. 517; *Burnham* v. *Allen,* 1 Gray, 496; *Ross* v. *Gerrish,* 8 Allen, 147.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WHITEHOUSE, WISWELL, JJ.

WALTON, J. An admission made by a party, to facilitate the trial of an action, must be taken and construed as a whole. It must not be divided, and, by accepting a part, and rejecting a part, give to the admission an effect not intended by the party making it. The whole of the admission must be taken together, as well what is favorable to the party making it as what is unfavorable to him, and be construed according to the true intent and meaning of the party making the admission. *Storer* v. *Gowen,* 18 Maine, 174; 1 Gr. Ev. § 201.

In the present case, the defendant admitted that the goods sued for were delivered to him, and that he took them and carried them away and used them. But he did not admit that they were sold to him, or that he was ever liable to pay for them. He claimed that they were delivered to him upon the order of a third party, to whom they should have been charged. Clearly, this admission, if taken as a whole, and construed according to the intentions of the party making it, did not confess that the plaintiffs had a cause of action against the defendant. It confessed a cause of action against a third party, but it did not confess one against the defendant. The admission could not be treated as a plea of confession and avoidance; for the cause of action declared on was not con-

fessed. It was traversed. It had been traversed by the plea of the general issue, and again by protestation at the time of making the admission, and as a part of it. This left the plaintiffs in a position requiring them to prove the alleged sale to the defendant,—such a sale as made him their debtor,—or fail in their action. The burden of proof still rested upon them. True, the defendant alleged in effect that the goods sued for had been sold to a third party, to whom they should have been charged. And this was an affirmative proposition; and if issue had been joined on this proposition, the burden of proof would have rested upon the defendant. But issue was not joined on this proposition. The issue was upon the alleged sale to the defendant; and this was a proposition which the plaintiffs must sustain, or fail in their action. The burden of proof had not shifted from the plaintiffs to the defendant.

But the presiding justice instructed the jury otherwise. He instructed them that upon this issue the burden of proof was upon the defendant. That the plaintiffs having made out their case by proof of the delivery of their goods to the defendant, or by the defendant's admission, the law implied a promise to pay for them, and the defendant took the affirmative, and must satisfy them, upon a preponderance of all the evidence, that his claim was the right one.

It is the opinion of the court that these instructions were erroneous; that they gave too great an effect to the defendant's admission, and placed upon him a burden which he was under no obligation to sustain.

*Exceptions sustained.*